# United States District Court

### NORTHERN DISTRICT OF GEORGIA

UNITED STATES OF AMERICA

v.

LORENZO ROJAS-MARTINEZ

**CRIMINAL COMPLAINT**

Case Number:  1:26-MJ-671

FILED IN CHAMBERS
U.S.D.C ATLANTA

Date: Jun 15 2026

**KEVIN P. WEIMER** , Clerk

By: James Jarvis

Deputy Clerk

I, the undersigned complainant depose and say under penalty of perjury that the following is true and correct to the best of my knowledge and belief.  On or about June 12, 2026 in Fulton County, in the Northern District of Georgia, the defendant did, fly an Unmanned Aircraft System, without legal authority, after illegally reentering the United States.

in violation of Title 49, United States Code, Sections 46307 and 40103(b) and Title 8, United States Code, Section 1326(a).

I further state that I am a(n) Special Agent  and that this complaint is based on the following facts:

PLEASE SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof.   Yes

*Christopher Maul*

Signature of Complainant

Chris Maul

Based upon this complaint, this Court finds that there is probable cause to believe that an offense has been committed and that the defendant has committed it. Sworn to me by telephone pursuant to Federal Rule of Criminal Procedure 4.1.

June 15, 2026

Date

at   Atlanta, Georgia

City and State

CHRISTOPHER C. BLY
UNITED STATES MAGISTRATE JUDGE

Name and Title of Judicial Officer

AUSA Dash Cooper  /
Dashene.Cooper@usdoj.gov

Signature of Judicial Officer

I, Christopher Maul, hereby depose and say under penalty of perjury as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of criminal complaints alleging that Lorenzo Rojas-Martinez, violated violation of Title 14, Code of Federal Regulations, Section 99.7, a regulation prescribed under Title 49, United States Code, Section 40103(b)(3); all in violation of Title 49, United States Code, Sections 46307 and 40103(b). Mr. Rojas-Martinez was also in the country illegally after previously being deported from the United States, in violation of Title 8, United States Code, Section 1326(a).

2. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been employed there since March 2020. Since becoming a Special Agent, I have conducted investigations of criminal enterprises involved in violations of federal laws, including crimes such as bank fraud, money laundering, wire fraud. I have also investigated counterintelligence cases involving counterproliferation and economic espionage. During such investigations, I have conducted physical and electronic surveillance, reviewed bank and other financial records, and executed search and arrest warrants. In addition to conducting investigations, I am also a member of FBI Atlanta's Counter Unmanned Aircraft System (CUAS) team. I attended the FBI Academy in Quantico, Virginia, where I received extensive training in conducting federal

investigations, including interviewing witnesses, conducting surveillance, and making arrests.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested criminal complaint and does not set forth all of my knowledge about this matter.

## JURISDICTION

4. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A), & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## Probable Cause

5. On June 11, 2026, beginning at 04:01 UTC, the Federal Aviation Administration (FAA) established a Temporary Flight Restriction (TFR) for security purposes related to various Fédération Internationale de Football Association (FIFA) events. This TFR (NOTAM 6/6446) restricted the operation of unmanned aircraft systems (UAS) and drones within the following area:

a. Center: ROME VORTAC (RMG) 122-degree radial at 43.5 nautical miles (Latitude: 33°45'37"N, Longitude: 84°23'36"W)

b. Radius: 1 nautical mile

c. Altitude: Surface up to and including 1,000 feet above ground level (AGL)

6. The TFR was in effect from June 11, 2026, at 04:01 UTC (June 11, 2026, at 00:01 EDT) through June 14, 2026, at 03:59 UTC (June 13, 2026, at 23:59 EDT).

7. The TFR was publicly disseminated through NOTAMs. Airspace users, including unmanned aircraft operators, were responsible for checking applicable airspace restrictions prior to flight.

8. On June 12, 2026, at approximately 10:43 p.m., the FBI FIFA CUAS Command Post (CP) detected an Unmanned Aircraft System (UAS) being flown within the TFR around Centennial Olympic Park during the 2026 FIFA Fan Festival Atlanta at Centennial Olympic Park.

9. Centennial Olympic Park is within the Northern District of Georgia.

10. FBI CUAS CP provided the affiant, Special Agent Chris Maul with the pilot's location and the affiant was dispatched to an coordinates 33.759599, -84.390952, which was a parking lot near 101 Andrew International Boulevard, Atlanta, Georgia. This area was restricted by the TFR.[1]

---

[1] Under the Code of Federal Regulations, the area where the UAS was operating is a "Defense Area."

11. SA Maul then encountered Lorenzo Rojas-Martinez who was standing next to his vehicle operating a controller for the UAS.

12. A pilot operating an Unmanned Aerial System (UAS) on June 12, 2026, near the Fan Fest area would likely have received a message on their controller stating that they were operating their drone in restricted airspace.  The pilot would have to have clicked on and acknowledged before the message before it went away.

13. Special Agent Maul approached Mr. Rojas-Martinez and asked whether he was piloting a UAS and Mr. Rojas-Martinez responded, "yes."

14. Special Agent then asked why he was operating a UAS in an unauthorized location. Mr. Rojas-Martinez stated he wanted to film the events related to Fan Fest.

15. Mr. Rojas-Martinez was asked for his driver's license, which returned unverifiable. Biometrics were then used and showed that Mr. Rojas-Martinez did not have legal status in the United States.

16. Mr. Rojas-Martinez is a citizen and nation of Mexico (DOB 8/10/1987) and was previously encountered on September 15, 2025, by Immigration and Customs Enforcement  (ICE) in Gwinnett County, Georgia after being arrested by the Gwinnett Police Department for DUI.

17. After fingerprints and record checks were completed, it was determined that Mr. Rojas-Martinez was previously removed from the United States on

January 21, 2019, after being found present in the United Sates without being admitted or paroled. He was previously removed from the United States on October 3, 2013, and January 22, 2019.

18. Criminal history revealed that Mr. Rojas-Martinez had a previous conviction for, among other things, cocaine distribution. Mr. Rojas-Martinez in custody of Immigration and Customs Enforcement at the Robert A. Deyton Detention Center, Clayton County, Georgia.

### Conclusion

19. Based on the foregoing, I submit there is now probable cause to believe that Mr. Rojas- Martinez conduct aircraft operations in restricted airspace in violation of Title 14, Code of Federal Regulations, Section 99.7, a regulation prescribed under Title 49, United States Code, Section 40103(b)(3); all in violation of Title 49, United States Code, Sections 46307 and 40103(b).